**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7836**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRE YOUNGBLOOD, a/k/a Michael S. Long, a/k/a Michael Johnson,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:15-cr-00308-RMG-1)

Submitted: August 31, 2021                    Decided: September 14, 2021

Before AGEE and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Jeremy A. Thompson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. M. Rhett Dehart, Acting United States Attorney, Kathleen M. Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Youngblood appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. On appeal, Youngblood argues that the district court abused its discretion by concluding that he had failed to establish an extraordinary and compelling reason for compassionate release. Because the district court used the wrong legal framework and did not consider several important facts, we vacate the court's order and remand for further proceedings.

We review a district court's ruling on a compassionate-release motion for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021) (per curiam). To abuse its discretion, "a district court must act arbitrarily or irrationally, fail to consider judicially recognized factors constraining its exercise of discretion, rely on erroneous factual or legal premises, or commit an error of law." *Id.* at 332 (alterations and internal quotation marks omitted).

Upon a defendant's motion, a district court may reduce a term of imprisonment if the defendant has exhausted his administrative remedies and "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction." *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021). Instead, the court "must consider the [18 U.S.C.] § 3553(a) sentencing factors to the extent that they are applicable in deciding whether to

2

exercise its discretion to reduce the defendant's term of imprisonment." *Id.* (alteration and internal quotation marks omitted).

The statute also states that a court may grant a compassionate-release motion only if doing so is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). While the policy statement cited by the district court—U.S. Sentencing Guidelines Manual § 1B1.13, p.s.—applies to compassionate-release motions brought by the Director of the Bureau of Prisons, we have held that there is currently no policy statement applicable to a compassionate-release motion brought by a defendant. *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020). Accordingly, USSG § 1B1.13, p.s., does not circumscribe the category of extraordinary and compelling reasons a district court may consider when deciding a defendant's compassionate-release motion. *See id.* at 284 (explaining that "district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise" (alteration and internal quotation marks omitted)). We have clarified, however, that the policy statement "remains helpful guidance." *Id.* at 282 n.7.

Youngblood argues that the district court used the policy statement as more than just helpful guidance. We agree. Although the district court acknowledged, in a footnote, that the policy statement is not binding on courts considering compassionate-release motions by defendants, the court thrice referred to the items outlined in the policy statement as threshold requirements and denied Youngblood's motion on the ground that he had not satisfied any of these threshold requirements. Specifically, the court found that Youngblood was medically stable and that there was no evidence his medical condition

3

(asthma) hindered his ability to self-care, tracking the language of the policy statement. *See* USSG § 1B1.13, p.s., cmt. n.1(A)(ii).

While the policy statement may serve as guidance to district courts, the relevant inquiry in this case is not whether Youngblood is medically stable or whether his medical conditions render him unable to self-care. Rather, the threshold questions are whether Youngblood has a particularized risk of contracting COVID-19 in prison and whether his medical conditions render him particularly susceptible to severe illness or death should he contract the virus. *See High*, 997 F.3d at 185 (explaining that arguments for compassionate release "based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19"). Because the district court used the wrong legal framework, we conclude that it abused its discretion when determining whether Youngblood presented an extraordinary and compelling reason for his release. *See Kibble*, 992 F.3d at 332.

Youngblood also contends that the district court abused its discretion by failing to consider all of the medical conditions listed in his pro se motion, as supplemented by counsel, as well as the prison's ability to control the spread of the virus. We reject the Government's assertion that this argument is waived and agree that the court abused its discretion by failing to analyze several facts relevant to Youngblood's compassionate-release motion, including whether his obesity renders him particularly susceptible to severe illness or death from COVID-19. *See id.*

4

Accordingly, we vacate the court's order and remand for further consideration.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] By this disposition, we express no opinion on the merits of Youngblood's motion.